# Gaertner's Estate.

*Will—Construction—Legacies—Distribution.*

Testator directed that upon the death of his wife his executor and trustee should pay his sons E. and F. each the sum of $1.00, and T. $15,260, and also gave T. two-thirds of the residue of his estate, and left the other one-third of the residue in a spendthrift trust for F. Following these dispositions he said: "The several amounts which I here-

tofore gave to my said three sons viz.: to F. $15,700 to T. $8,070 and to E. $8,070, I gave to them as future advances." On the first distribution of the estate the legacies of $1.00 each were paid to E. and F. and $7,320 on account of T.'s legacy of $15,260, leaving a balance due on T.'s legacy of about $8,000. On the filing of the second account of the trustee there was a small sum of less than $300 for distribution. *Held*, that the fund should be paid to T. on account of the balance due on his legacy, and this whether the sums given to the three sons in testator's lifetime were advances or not.

Argued May 9, 1913. Appeal, No. 194, April T., 1913, by Margie Gaertner, Trustee, from decree of O. C. Allegheny Co., June T., 1912, No. 100, making distribution in Estate of Frederick Gaertner, Sr., deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that testator directed, inter alia, as follows:

"I will and direct, that upon the death of my beloved wife, or if I should survive her then upon my death, my estate then existing, be disposed of by my executor and trustee and successors in trusts, by paying to my son Edward D. Gaertner one dollar, and to my son Frederick Gaertner one dollar, and to my son Tony L. Gaertner, fifteen thousand two hundred and sixty dollars, $15,260; however, should any surplus remain, the same to be disposed of in the following manner, viz.:—Pay to my son Tony L. Gaertner, two-thirds thereof, and pay to my executor and trustee and successors in trust the remaining one-third thereof, who is to hold said one-third part thereof upon the following trusts and confidences, to keep the same invested as above provided for and dispose of the income therefrom by paying to my son Frederick Gaertner, Junior, for his support and maintenance, during his natural life. . . . The several amounts which I heretofore gave to my said sons, viz.: to Frederick Gaertner, Junior, fifteen thousand seven

hundred dollars, $15,700, to Tony L. Gaertner, eight thousand and seventy dollars, $8,070, and to Edward D. Gaertner, eight thousand and seventy dollars, $8,070, I gave to them as future advances."

The balance for distribution was $265.69.

In a prior distribution of the estate, the legacies of $1.00 each to Edward D., and Frederick were paid, and $7,320.17, on account of Tony L. Gaertner's legacy of $15,260, leaving balance due on the principal of the legacy, $7,939.83, and interest.

It was claimed that the advancement of $8,070 should be charged against Tony L. Gaertner; that he had been overpaid on account of his legacy, and that two-thirds of the balance for distribution should be distributed to Tony L., and one-third to the trustee of Frederick.

The court awarded the whole of the balance for distribution to Tony L. Gaertner.

*Error assigned* was the decree of the court.

*Morton Hunter*, for appellant.

*George H. Quaill*, for appellee.

OPINION BY HEAD, J., October 13, 1913:

If, in attempting to ascertain the intention of the testator, manifested by his will, we begin by excluding from our consideration the third paragraph of that will, our task will be simplified. The general scheme of the testator is perfectly apparent. The first and chief object of his bounty was his wife, and to her proper support and comfort as much of his estate as was necessary was plainly devoted. To accomplish this primary intent the trustee, to whom the whole of the estate is given, was empowered to use not only all of the income but as much of the corpus as might be necessary. This was to continue during the period of her life.

Upon and after her death his disposition of what

might remain of his estate is equally clear. "I will and direct, that upon the death of my· beloved wife, my estate then existing be disposed of by my executor and trustee by paying to my son Edward D. Gaertner one dollar, and to my son Frederick Gaertner one dollar, and to my son Tony L. Gaertner, fifteen thousand two hundred and sixty dollars, $15,260.00." The last-named son is made the executor and trustee under the provisions of the will. Down to this point there is no room for contention as to the wishes of the testator and the manner in which his estate was to be disposed of. What he disposed of he declares is "my estate then existing." The use of this language by him is fairly indicative that the fund he then had in view was just as it would be left not only after any gifts he might make in his lifetime but after the possible diminution of the estate as he left it by the provisions already made for his wife. And he further declares that the fund thus existing shall be disposed of "by paying" as above quoted. It was only then upon condition that his son Frederick, whose trustee is the appellant, should have any further interest or share in his estate. He thus expresses the nature of the condition and the extent of the further share of that son if the condition should arise: "However, should any surplus remain, the same to be disposed of in the following manner, viz.—pay to my son Tony L. Gaertner, two-thirds thereof, and pay to my executor and trustee and successors in trust the remaining one-third thereof" on a spendthrift trust for the use of his son Frederick. By a codicil the present appellant was appointed a trustee for the purpose of executing the spendthrift trust.

By a former distribution each of the two sons named received respectively the one dollar bequeathed to them and the son Tony something over $7,000 on account of his legacy. The present fund for distribution is a small one, amounting to less than $300, arising from the collection of some rents. The testamentary trustee

has not yet been able to make a satisfactory sale of the real estate as he is authorized by the will to do. The learned court below awarded all of the present fund to Tony Gaertner as a further payment on account of his legacy.

The contention of the appellant arises by reason of the language used by the testator in the third paragraph of his will, to wit, "The several amounts which I heretofore gave to my said sons, viz:—to Frederick Gaertner, Junior, fifteen thousand seven hundred dollars, $15,700.00, to Tony L. Gaertner, eight thousand and seventy dollars, $8,070.00, and to Edward D. Gaertner, eight thousand and seventy dollars, $8,070.00, I gave to them as future advances." If that paragraph, read in connection with the entire will, was intended to be but explanatory of the reason why the testator disposed of his estate in the manner already indicated, it is clear the learned court below was right and the appellant would take nothing. If he intended in fact to declare that the sums mentioned in that paragraph were pure gifts, not thereafter to be accounted for, again the learned court below was right. If the testator intended they should be regarded technically as advancements, so that each child should account for the sum given him in the lifetime of the testator as against any bequest that might be made to him in the will, it is still entirely clear that the appellant was in no position to claim anything from the present fund. No matter what the true meaning of the third paragraph may be in the respects indicated, it is perfectly clear that the sums therein mentioned were all regarded by him as in one class. Whatever was the legal effect of the one, the same effect was to be imputed to the other. We are wholly unable to reach the conclusion that the money given to Tony Gaertner by his father in his lifetime was to be regarded as a payment on the legacy given to the same son in his will, whilst at the same time the larger sum given to the son

Frederick is to be in no way chargeable against the bequests which under certain conditions he will take under the will. In every way we view the case we reach the conclusion that the learned court below correctly distributed the fund and the decree of distribution is affirmed.

Decree affirmed.